IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL J. HANSEN and<br>MICHAEL J. HANSEN II,<br><br>        Plaintiffs,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT,<br>et al.,<br><br>        Defendants. | Case No. A06-00069 CV (TMB)<br><br><br>ORDER DENYING APPLICATION<br>TO WAIVE THE FILING FEE |

On April 4, 2006, Michael J. Hansen, attempting to represent his disabled son, Michael J. Hansen II, filed a civil complaint to "appeal a special education matter," along with an application to waive the $250.00 filing fee in this case.[1] The Hansen's, however, do not come within the income guidelines for granting a fee waiver or for appointment of counsel.[2] Therefore, they must pay the $250.00 filing fee, or the action must be dismissed.

---

[1] *See* Docket Nos. 1, 2.

[2] The Hansens show gross income of $28,800 for a family of three, which is above the income eligibility for free legal services.

C:\Temp\notes06E812\~5527623.wpd

## Self-representation

Although a legal adult is allowed to represent him or herself, a non-attorney **may not represent another** litigant in court, even under a power of attorney. Both the Court of Appeals for the Ninth Circuit, and the Supreme Court for the State of Alaska have so held. In *Johns v. County of San Diego*, the Ninth Circuit held that although a "litigant in federal court has a right to act as his own counsel ... a non-lawyer 'has no authority to appear as an attorney for others than himself.'"[3] Our rules provide that only an "attorney admitted to practice as an attorney and counselor at law before the courts of the State of Alaska, is eligible for admission to practice in the United States District Court for the District of Alaska."[4]

Holding directly that a non-attorney may not represent another in court under a power of attorney, the Alaska Supreme Court decided that a lay person may not, "by virtue of his capacity as attorney-in-fact for his principal, ... appear on his principal's behalf and act as legal counsel in a court of law unless admitted to so practice."[5] The Court explained that "'[a] person may not engage in the practice of

---

[3] *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997), quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

[4] D. Ak. LR 83.1(a)(1).

[5] *Christensen v. Melinda*, 857 P.2d 345, 348 (Alaska 1993).

law in the state unless the person is licensed to practice law in Alaska and is an active member of the Alaska Bar.'"[6]

Mr. Hansen does not appear to be an attorney, permitted to practice in this Court, and may not represent his son in this action.[7]  Mr. Hansen may wish to contact the Alaska Bar Association's Lawyer Referral Service, for assistance in securing counsel, and/or for an initial 1/2 hour $50.00 consultation.[8]

## Exhaustion

"Judicial review under the IDEA [Individuals with Disabilities Education Act] is ordinarily available only after the plaintiff exhausts administrative remedies," but exhaustion is not required "if it would be futile or offer inadequate relief, or if the agency has adopted a policy or pursued a practice of general applicability that is contrary to the law."[9]  The party alleging the exception to the exhaustion rule carries the burden of proof.[10]  The Hansens are cautioned that they should first exhaust any remedies they have with the school district before filing a court action.

---

[6] *Id.* at 346, citing Alaska Bar Rule 63; *see also* Alaska Rule of Civil Procedure 81(a)(1) ("only attorneys who are members of the Alaska Bar Association shall be entitled to practice in the courts of this state").

[7] Mr. Hansen has filed the complaint as the legal guardian of Michael J. Hansen II.  *See* Docket No. 1 at 1.

[8] Lawyer Referral Service, 272-0352.

[9] *Doe v. Arizona Dept. Of Education*, 111 F.3d 678, 681 (9th Cir. 1997) (citations and quotation marks omitted).

[10] *See id.* at 681.

<u>Amending Complaint</u>

Michael J. Hansen II will be allowed to file an amended complaint, through counsel, before service.[11] Mr. Hansen may not represent his son. Any amended complaint must state, specifically, what defendant(s) did or did not do which constitutes a legal wrong against Michael J. Hansen II, and what specific relief he wants from the Court.

**IT IS HEREBY ORDERED** that:

1. The application to waive the filing fee, at docket number 3, and motion for appointment of counsel, at docket number 4, are DENIED; the plaintiff must pay the $250.00 filing fee on or before **May 19, 2006**, or this action will be dismissed.[12]

2. The complaint at docket number 1 is stricken, and if the plaintiffs decide to proceed with this action in light of the above-described deficiencies, Michael J. Hansen II must file an amended complaint, through counsel, on or before **May 19, 2006**; Michael J. Hansen may not file the complaint on behalf of his son.[13]

---

[11] *See also* FED. R. CIV. P. 15(a).

[12] The application shows gross monthly family income of $2,400, which is * the income guidelines for granting a waiver of the filing fee.

[13] *See* FED. R. CIV. P. 15(a).

3. In the alternative, the plaintiffs may file the enclosed notice of voluntary dismissal, without prejudice, on or before **May 19, 2006**.

4. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to the Hansens with this Order.

DATED this 19th day of April, 2006, at Anchorage, Alaska.

      /s/ TIMOTHY BURGESS
TIMOTHY M. BURGESS
United States District Judge